IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARIO CARILLO-ELIAS,

    Defendant.

Case No. 17-20074-05-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mario Carillo-Elias's pro se Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 669). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.     Facts**

On November 21, 2019, Defendant pled guilty to Count Eight of the Superseding Indictment; namely, possession with intent to distribute more than 500 grams of cocaine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).[1]

The Presentence Investigation Report calculated a criminal history score of zero which established a criminal history category of I.[2] On February 19, 2020, the Court sentenced Defendant to 97 months' imprisonment.[3]

---

[1] Doc. 324.

[2] *See* PSR, Doc. 375 ¶ 60.

[3] Doc. 380.

On April 1, 2024, Defendant filed the instant motion seeking a reduction in his sentence based on the fact that he is a "Zero-Point Offender."[4]

## II.     Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5]  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[6]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[7]  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[8]  With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;

---

[4] Doc. 669.

[5] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[6] *See* 18 U.S.C. § 3582(c)(2).

[7] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[8] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

>     (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>     (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>     (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>     (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[9]

**III.     Discussion**

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a Zero-Point Offender entitled to a decrease in two offense levels. However, as the government correctly argues, Defendant fails to meet Amendment 821's eligibility requirements.

Defendant fails to qualify for retroactive reduction under U.S.S.G. § 4C1.1 because he received an adjustment under U.S.S.G. § 3B1.1(b) for being a manager or supervisor in the charged offense.[10] Indeed, Defendant received a three-level enhancement for his role in the offense.[11] Defendant argues that a defendant is disqualified from Amendment 821 relief only when he received an adjustment under U.S.S.G. § 3B1.1 *and* was engaged in a continuing criminal enterprise. Although the Tenth Circuit has not addressed this issue, the Court agrees with other courts in this district that have interpreted § 4C1.1(a)(10) to exclude any defendant

---

[9] *See* U.S.S.G. § 4C1.1(a).

[10] *See* PSR, Doc. 375 ¶ 49.

[11] *See id.*

3

who *either* had an aggravating role enhancement *or* engaged in a continuing criminal enterprise.[12]

Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant. Because the sentence reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[13]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 669) is **dismissed**.

**IT IS SO ORDERED.**

Dated: September 17, 2024

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[12] *See United States v. Read-Forbes*, Criminal Action No. 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024) ("Section 4C1.1(a)(10) properly read to exclude any defendant who *either* had an aggravating role enhancement or engaged in [a] continuing criminal enterprise[.]") (citing *United States v. Castaneda Mendez*, Case No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024)) (emphasis in original); *United States v. Urias-Avilez*, Case No. 15-10152-1-JWB, 2024 WL 626165, at *2 (D. Kan. Feb. 14, 2024) ("[T]he courts interpreting this provision have determined that the plain language of the guidelines precludes a defendant when he has either received an adjustment under § 3B1.1 or was engaged in a continuing criminal enterprise.").

[13] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).